UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

FILED
2018 JUL 19 AM 10: 53
RICHARD JONES
U.S. CLERK OF COURT
BANKRUPTCY COURT
DAYTON, OHIO

In re

Bruce A Corbett & Tabatha H. Corbett
    Debtor(s)

Case No. 12-34606

Judge: Walter

Chapter: 7

## MOTION FOR PAYMENT OF UNCLAIMED FUNDS

Under penalty of perjury, the Movant declares that the following statements and information are true and correct.

1. To the best of the Movant's knowledge, a check in the amount of $ 2000.00 was issued to Bruce & Tabatha Corbett (name of original creditor/claimant).

2. To the best of the Movant's knowledge, the funds were tendered by the case trustee to the Bankruptcy Clerk and then to the United States Treasury.

3. The Movant's current address, phone number and social security number (last 4 digits only of social security number or complete EIN) are as follows:

Bruce Corbett 2459    Tabatha Corbett 5989
84 Brookhill Woods Ln Tipp City, OH 45371
937-901-9479      937-239-8600

4. The Movant did not receive the check or did not negotiate the check for the following reason(s):

The check was held at Atty's office. One we recieved and deposited the check (Prior to the 90 days) A Stop Payment was issued Causing Overdrafts to the account

5. Movant represents that he/she is the owner of the funds, or is a legal representative of the owner, and is entitled to receive the funds. (If the movant is other than the owner of the funds, additional requirements pursuant to Local Bankruptcy Rule 3011-1(d) may apply to establish the right of payment of the unclaimed funds.)

6. Movant understands that pursuant to 18 U.S.C. §152, a fine or imprisonment or both may be imposed if he/she knowingly or fraudulently made any false statements in this document.

7. Wherefore, Movant requests an order directing the Clerk to pay the funds to the Movant at the above address.

Bruce A. Corbett    Tabatha Corbett
                   Movant's signature
Bruce A. Corbett   Tabatha Corbett
                   Movant's printed name

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

In re

__Bruce H. Corbett__
__Tabatha H. Corbett__
Debtor(s)

Case No. __12-34606__

Judge: __Walter__

Chapter: __7__

### NOTICE OF MOTION

_____ has filed a Motion for Payment of Unclaimed Funds with the court.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to: *(select office where case is/was pending)*

OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the above date. You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

Name:
Address:

and, *(List below the names and addresses of others to be served)*

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Payment of Unclaimed Funds was served on the following by ordinary U.S. Mail on the __16th__ day of __July__, 20__18__.

*Debtor:*

Bruce A. Corbett
Tabatha H. Corbett

*Debtor's Attorney:*

N/A

*Case Trustee:*

Donald F Harker
2135 Miamisburg Centerville Rd
Centerville, OH 45459

United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215

*Indicate the office that was served:*

☐ United States Trustee         *(Cincinnati cases)*
36 East Seventh Street, Suite 2030
Cincinnati, Ohio 45202

☑ United States Trustee         *(Columbus and Dayton cases)*
170 North High Street, Suite 200
Columbus, Ohio 43215

_____
Movant's signature

# DONALD F. HARKER, III
# TRUSTEE
2135 Miamisburg-Centerville Rd.
Centerville, Ohio 45459
(937) 371-5676
dharkerlaw@gmail.com

June 15, 2016

Andrew Zeigler
Kennel Zeigler
1340 Woodman Dr.
Dayton, Ohio 45432.

Re: Bruce and Tabatha Corbett Exemption Check

Dear Mr. Zeigler:

Enclosed is an estate check for $2,000.00 representing settlement of Debtors' interest in the wrongful termination suit filed against U.S. Bank. Please forward the check to the Debtors.

Very truly yours,

Donald F. Harker, Trustee



# WRIGHT-PATT
## CREDIT UNION, INC.

HUBER HEIGHTS
7345 Old Troy Pike, Route 202
Huber Heights, OH 45424
937-236-3122

## (ACCOUNT STATEMENT)

| BRUCE A CORBETT | | |
|---|---|---|
| 84 BROOKHILL WOODS LN | ACCOUNT: XXXXXXX917 | PERIOD: 09/14/16 TO 09/21/16 |
| TIPP CITY OH 45371 | | |

**CHECKING ACCOUNT ID:90**

| EFFECT | POST | TRANSACTION DESCRIPTION | AMOUNT | NEW BALANCE |
|---|---|---|---|---|
| 09/14/16 | | ID 90 - Checking Account Balance Forward | | 722.19 |
| 09/08/16 | 09/14/16 | DEPOSIT RETURNED ITEM - STOP PAYMENT | - 2,000.00 | - 1,277.81 |
| 09/08/16 | 09/14/16 | WITHDRAWAL RETURNED ITEM FEE | - 10.00 | - 1,287.81 |
| 09/08/16 | 09/14/16 | DEPOSIT TRANSFER FROM SHARE 00 | 44.72 | - 1,243.09 |
| 09/08/16 | 09/14/16 | DEPOSIT TRANSFER FROM SHARE 70 | 79.54 | - 1,163.55 |
| 09/21/16 | 09/21/16 | WITHDRAWAL FEE UNPAID IN THE AMOUNT $150.00 CAPITAL ONE | - 25.00 | - 1,188.55 |
| 09/21/16 | 09/21/16 | DEPOSIT TRANSFER FROM CORBETT,TABATHA | 2,200.00 | 1,011.45 |
| 09/21/16 | 09/21/16 | DEPOSIT NSF FEE REFUND | 25.00 | 1,036.45 |
| 09/21/16 | | Ending Balance | | 1,036.45 |







This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.

**IT IS SO ORDERED.**



Lawrence S. Walter
United States Bankruptcy Judge

Dated: April 27, 2016

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, AT DAYTON

| | |
|---|---|
| IN RE: BRUCE A. CORBETT | CASE NO: 12-34606 |
| TABATHA H. CORBETT | CHAPTER 7 |
| Debtors | JUDGE WALTER |

**ORDER AUTHORIZING SETTLEMENT AND COMPROMISE OF DEBTORS' WRONGFUL TERMINATION CLAIM**

This matter is before the Court on the Trustee's Motion to Settle and Compromise Debtor's Wrongful Termination Claim Combined With Notice of Motion and Opportunity to Object [Doc.41] ( the Motion).

The Court finds that there have been no objections to the Motion and accordingly,

IT IS THEREFORE ORDERED, that the Trustee is authorized to accept the sum of $5,000.00 in settlement of Debtor's claim as set forth in the Motion.

/s/Donald F. Harker
Donald F. Harker, III (#0018048)
Attorney for Trustee
2135 Miamisburg-Centerville Rd.
Centerville,Ohio 45459
937/371-5676 (phone)
dharkerlaw@gmail.com.

cc: Default List

###

the Claim and negotiated with both Debtors' counsel and counsel for U.S..Bank as to settlement of the controversies involved.

6. The Trustee, Debtors and U.S. Bank have reached agreement that will resolve all matters including the exemption issue. Under the terms of the settlement U.S. Bank will pay the bankruptcy estate $5000.00 (the Proceeds) upon entry of an order approving this motion.

7. Upon receipt of the Proceeds the Trustee will sign off on an agreed entry (to be prepared by counsel for U.S. Bank) dismissing the proceedings pending in Case No. 12CV029452 with prejudice as to all parties.

8. The Trustee will pay the Debtors $2000.00 out of the Proceeds in full satisfaction of their exemption claim.

9. The Trustee recommends approval of the settlement as the uncertainty and cost attendant in litigation may well result in no benefit to the estate.

10. Pursuant to Bankruptcy Rule 9019(a), the Court may approve a compromise or settlement proposed by the Trustee after hearing and notice to creditors. The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interest of the estate. In Re Energy Coop, 886 F. 2d 921 (7th Cir. 1989). In reviewing the proposed settlement, the court generally does not substitute its judgment for that of the Trustee, but instead should canvas the issues and see whether the settlement "falls below the lowest point in the range of reasonableness". Anaconda-Ericsson, Inc. v. Hessen (In Re Teltronics Servc.), 762 F. 2d 185, 189 (2d Cir. 1985) (quoting Cosoff v. Rodman) In Re W.T. Grant Co., 699 F. 2d 599, 608 (2d Cir.), cert denied, 104 S. Ct. 89 (1983); See also; In Re Lawrence & Erausquin, Inc., 124 B.R. 37 (Bankr. N.D. Ohio 1990).

   WHEREFORE, the Trustee prays that the Court enter an order authorizing the Trustee to settle and compromise Debtors' interest in the Claim pursuant to the terms set forth above; and for such other relief as may be proper and necessary.

/s/Donald F. Harker,III
Donald F. Harker, III